UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CAUSE NO. 3:17-cr-37-RLY-MPB |
| | ) | |
| STEVEN T. MORGAN, | ) | |
| | ) | |
| Defendant. | ) | |

### PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the

Southern District of Indiana, and, Kyle M. Sawa, Assistant United States Attorney ("the

Government"), and the defendant, Steven T. Morgan ("the defendant"), in person and by

counsel, Doug Walton, hereby inform the Court that a Plea Agreement has been reached in this

case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).  The following are its terms

and conditions:

### Part 1:  Guilty Plea and Charge(s)

1.          **Plea of Guilty:** The defendant petitions the Court for leave to enter and

agrees to enter a plea of guilty to the following offense(s) charged in the Superseding Indictment:

**A.**     Count 1, which charges that the defendant committed the offense of

Possession of Sexually Explicit Material Involving Minors, in violation of Title 18, United States

Code, Sections 2252(a)(4)(B) and 2252(b)(2).

**B.**     Count 3, which charges that the defendant committed the

offense of Distribution and Receipt of Sexually Explicit Material Involving Minors, in violation

of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).

2.      **Dismissal of Counts:**  Following imposition of sentence, the government will move to dismiss Counts 2 and 4 through 8 of the Superseding Indictment.  The defendant acknowledges and agrees that the conduct charged in Counts Two and Four through Eight of the Superseding Indictment and any uncharged related criminal activity is to be considered as relevant conduct, in accordance with U.S.S.G. §1B1.3.

3.      **Potential Maximum Penalties**:  The maximum sentence for each count is as follows:

A.      For Count 1, the offense is punishable by a maximum sentence of 20 years' imprisonment, a $250,000 fine, and a term of supervised release up to life following any term of imprisonment.

B.      For Count 3, the offense is punishable by a term of imprisonment of not less than 5 years and not more than 20 years, a $250,000 fine, and a term of supervised release up to life following any term of imprisonment.

4.      **Elements of the Offense:**  To sustain the offenses to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

A.      Count 1 of the Superseding Indictment, Possession of Sexually Explicit Material Involving Minors, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2).

i.      The defendant knowingly possessed, attempted to possess, and accessed with the intent to view visual depictions;

ii.      The visual depictions had been mailed, or had been shipped or transported using any means or facility of interstate or foreign commerce, or in or affecting

2

interstate or foreign commerce, or were produced using materials which had been mailed or so shipped or transported, by any means, including by computer;

   **iii.**  The production of such visual depictions involved the use of a minor engaging in sexually explicit conduct, including one or more prepubescent minors or a minor less than twelve years of age;

   **iv.**  The visual depictions were of such sexually explicit conduct; and

   **v.**  The defendant knew that one or more of the persons depicted was under the age of eighteen years.

   **B.**  Count 3 of the Superseding Indictment, Distribution and Receipt of Sexually Explicit Material Involving Minors, in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).

   **i.**  The defendant knowingly received or distributed the material identified in the superseding indictment;

   **ii.**  The material identified in the superseding indictment contained sexually explicit material involving minors;

   **iii.**  The defendant knew that one or more persons depicted in the material identified in the superseding indictment was under the age of eighteen years; and

   **iv.**  The material identified in the superseding indictment was mailed, shipped in interstate or foreign commerce, transported in interstate or foreign commerce, shipped or transported in a manner affecting interstate or foreign commerce.

**Part 2:  General Provisions**

5.      **Sentencing Court's Discretion Within Statutory Range:**  The defendant agrees

and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory

range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in

determining the appropriate sentence within the statutory range(s); (C) the Court will also consult

and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or

"U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the

Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E)

restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court

may order the sentences to be served consecutively one after another; (G) the final determination

concerning the applicable advisory guideline calculation, criminal history category, and advisory

sentencing guideline range will be made by the Court; and (H) by  pleading "Guilty," the Court

may impose the same punishment as if the defendant had plead "Not Guilty," had stood trial and

been convicted by a jury.

6.      **Sentencing Court Not Bound by Guidelines or Recommendations:**  The

defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal

Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the

discretion of the Court.  The defendant understands that if the Court decides to impose a sentence

higher or lower than any recommendation of either party, or determines a different advisory

sentencing guideline range applies in this case, or decides to impose a sentence outside of the

advisory sentencing guideline range for any reason, then the defendant will not be permitted to

withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

7.      **Plea Agreement Based on Information Presently Known:**  The defendant

4

recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

The Government will inform the Court and the defendant at the time of taking the defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the defendant.

8.      **No Protection From Prosecution for Unknown or Subsequent Offenses:** The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

9.      **Rights Under Rule 11(b), Fed. R. Crim. P.:** The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy. The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The defendant also understands that the Constitution guarantees the

5

right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court.  The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

### Part 3:  Sentence of Imprisonment

10.    **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):**  The parties have **not** agreed upon a specific sentence.  The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

A. **Government's Recommendation:** The Government has agreed to recommend a sentence within the Applicable Guidelines Range as calculated by the Court at sentencing, provided that the defendant (i) continues to fully accept responsibility for the offense, (ii) does not commit a new criminal offense before the date of any sentencing, and (iii) does not otherwise violate the terms of any pre-trial release before the date of sentencing.

B. **Defendant's Recommendation:** The Defendant is free to ask for any sentence, including one below the advisory Guidelines range determined by the Court.

11.    **Placement:**  The Government agrees not to oppose any request made by the defendant for a recommendation by the Court that the defendant serve any period of imprisonment in a specific facility.  The defendant acknowledges and understands that any recommendation by the Court does not bind the United States Bureau of Prisons.

12.    **Supervised Release:**  Both parties reserve the right to present evidence and

---

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

13.   **Conditions of Supervised Release:**  The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case.  The parties reserve the right to present evidence and arguments concerning these conditions.

### Part 4:  Monetary Provisions and Forfeiture

14.   **Mandatory Special Assessment:**  The defendant will pay a total of $200 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

15.   **Fine:** The Government will not recommend the imposition of a fine in this case. However, the parties understand and agree that the Court will determine whether to impose a fine after hearing any arguments from the parties.

16.   **Restitution:**  The Court shall order restitution to each victim in the full amount of each victim's losses as required by law and determined by the Court. The government may request restitution for identifiable child exploitation victim images distributed, received, possessed, downloaded, or accessed with the intent to view by the defendant.  If the government requests restitution, the Court will determine the appropriate amount of any restitution at the time of the sentencing hearing.  The parties may present evidence and arguments on any restitution amounts at the time of sentencing.  The defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the defendant's financial

circumstances change.  In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

      17.    **Obligation to Pay Financial Component of Sentence**:  If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release as well as an ordered payment through the Inmate Financial Responsibility Program of the U.S. Bureau of Prisons.  The defendant has a continuing obligation to pay the financial component of the sentence.  The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial disclosures,  to the  Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court.  The defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office.  If the defendant is ever incarcerated in connection with this case, the defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

      18.    **Forfeiture:**  The defendant admits that the property listed below constitutes contraband, was used to facilitate, or constitutes the fruits of the commission of the offense(s) to which the defendant is pleading guilty, and, therefore, is subject to forfeiture to the United States.  The defendant abandons all right, title, and interest the defendant may have in the

property listed below so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the defendant's criminal activity, without further notice or obligation whatsoever owing to the defendant. The defendant further agrees not to contest any forfeiture action brought against and consents to the forfeiture of any of the property listed below, whether any such forfeiture action is administrative, judicial, civil, or criminal, and agrees not to contest any use or destruction of any of the property listed below by any federal, state, or local law enforcement agency:

       **A.**    One custom built desktop computer bearing serial number C11350010556, including all hard drives;

       **B.**    One Seagate external hard drive bearing serial number NA0L8QP2;

       **C.**    One My Passport Ultra external hard drive bearing serial number WXD1E63SDSt3;

       **D.**    One Western Digital external hard drive bearing serial number WCAVY3065060;

       **E.**    All component parts of the devices described above.

The defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Rules 32.2 and 43(a), Fed. R. Crim. P., regarding notice of the forfeiture in the charging document, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the defendant's guilty plea is accepted. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in

accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

## Part 5:  Factual Basis for Guilty Plea

19.     The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea(s) of guilty to the offense(s) set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial.  The following information is only a summary of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the Government reserves the right to present additional evidence at the time of sentencing.

A.       On or about Tuesday, January 3, 2017, the Lead Agent was running Peer-to-Peer ("P2P") software and was connected to the Internet in an undercover capacity.  A connection was made between his investigative computer and a computer/computing device running P2P software having an IP address ending in 169.  Twenty-eight (28) files were successfully downloaded from the IP address ending in 169.  The device at IP address ending in 169 was the only IP address which shared the contents for each file downloaded, and as such, each file was downloaded directly from this IP address. Several of these images depicted a child or children under the age of eighteen (18) years old, engaged in sexual acts and/or poses, and fall within the definition of sexually explicit conduct involving minors and child pornography set forth in 18 U.S.C. § 2256. The following files were reviewed by the Lead Agent and were described as follows:

- **File Name:**  nche3
- **Description:**  This image depicts a prepubescent female performing oral sex on an adult male.

- **File Name**: nche9
- **Description:** This image depicts an adult male placing his penis on a prepubescent female's genitalia.

- **File Name:** nche14
- **Description:** This image depicts what appears to be the hand of an adult male digitally penetrating the anus of a prepubescent female with his right index finger.

  **B.**  The files that were downloaded were single source downloads, meaning the files came exclusively and wholly from the single suspect computer and not a group of computers possessing the same file.

  **C.**  A check of publicly available records determined that the aforementioned IP address was assigned to the internet service provider Wide Open West (W.O.W.). On or about February 13, 2017, a subpoena was obtained in order to identify the subscriber for the IP address ending in 169. On or about February 14, 2017, Wide Open West (W.O.W.) responded to the subpoena, identifying the following subscriber:

> **Name:** Steven Morgan
> **Address:** 809 Douglas Drive, Evansville, Indiana 47712
> **Account Status:** Active

  **D.**  On February 22, 2017, the Lead Agent conducted site surveillance at 809 Douglas Drive in Evansville, Indiana. The Lead Agent checked for any unsecured wireless access points near 809 Douglas Drive. 809 Douglas Drive is an apartment located in a building with other apartment units. The Lead Agent walked along the sidewalk in front of the apartments including 809 Douglas Drive and stopped in front of 809 Douglas Drive and noticed that all wireless access points were secured. There were two secured wireless access points that were associated with network names that appeared to be consistent with service provided by Wide Open West (W.O.W.).

      **E.**      The Lead Agent obtained a federal search warrant for 809 Douglas Drive, Evansville, Indiana from the United States District Court for the Southern District of Indiana.  On March 16, 2017, the Lead Agent executed the federal search warrant at 809 Douglas Drive, Evansville, Indiana.  Agents knocked on the door and a male who identified himself as Steven Morgan, the lessee of the apartment, answered the door and stepped outside of the apartment.  He said that no one else was in the apartment.

      **F.**      The Lead Agent explained to Morgan the nature of the search warrant.  The Lead Agent asked Morgan if he would like to speak with him.  Morgan said yes and they went to the Lead Agent's car to conduct the interview.  The Lead Agent began interviewing Morgan and recorded the interview.  The Lead Agent advised Morgan that he was under no obligation to speak to anyone.  The Lead Agent also alerted Morgan that if anytime he wanted to stop questioning then the interview would be over.  Morgan admitted to the Lead Agent that he had several gigabytes of child pornography stored on his desktop computer at the time a search warrant was executed at his residence.  Morgan admitted to using a P2P network to search for child pornography.  He admitted to using common search terms to search for child pornography.  Morgan said he did not enjoy the child pornography that involved children that appeared to be being abused.  He said if the child appeared to be enjoying it he could view it.  Morgan admitted to using child pornography to sexually stimulate himself to the point that he would masturbate.  Morgan admitted that he was the only one responsible for downloading and storing child pornography on his computer.  He said he has anti-virus software on his computer.  He said he has never suspected that his computer was hacked or taken over by someone else.  He stated he had internet service in his apartment and that the wireless access point was secured.  Morgan admitted to having the picture that the Lead Agent downloaded from him.  Morgan signed the images that he admitted to having on his computer.

G.        Several items were seized from 809 Douglass Drive, including a custom built desktop computer from Morgan's home.  In the custom desktop, agents recovered a 1.5 Terabyte Western Digital Caviar Green Hard Drive.  This drive has been named, "download."  This drive appeared to be used for storage.  No operating system was present on the hard drive.  The examiner located **4,175** images believed to be child pornography.  Of these images 13 contained images of children in bondage.  The examiner also located **51** videos believed to be child pornography.  Of these, two contained videos of children in bondage.  The age range of the victims is infant to pre-teen.  Names for these images and videos include 10yo blondy; 2 german kids; 2012 11y girl nude totally show; 6yo; german 9yo and sister&littlebrother.  These files are the basis for Count 1 of the Superseding Indictment.

H.        In the custom desktop, agents also recovered a 240GB Kingston SSD (Solid State Drive).  This drive contained the Microsoft Windows 7 operating system.  The registered owner is "Steven" and the primary user account is "Steven."  The examiner located **1,418** images believed to be child pornography on this drive.  Of these images 14 contained images of children in bondage.  The examiner also located **150** videos believed to be child pornography.  Of these, one contained a video of children in bondage.  The age range of the victims is infant to pre-teen.  Names for these images and videos include 5yo boy ass fuck and nieass.

I.        In sum, **5,593** images and **201** videos believed to be child pornography were located on Morgan's hard drives.  Of these, approximately **30** were believed to be child pornography depicting bondage.

J.        Images that were downloaded by the Lead Agent during the undercover session were located on the 1.5 Terabyte Western Digital Caviar Green hard drive, including file names nche3, nche9, and nche14.  The "nche.jpg" file is referenced in Count 3 of the Superseding

Indictment.  Each of these files were determined to fall within the definition of sexually explicit material under federal law.  An examination of file creation times revealed these images were created on January 3, 2017.  This is the same date as the Lead Agent's online session.  Additional images in this "nche" series were also located on the hard drive.  These images also appear to fall within the definition of sexually explicit material involving minors and were created on the same date.   In addition, logs from the Lead Agent's investigative software illustrate when Morgan obtained the necessary P2P pieces to make up each image.  Specifically, the logs show a particular image is contained in the torrent that the user is downloading and then show that the user has the pieces which encompass all of this file.  The times in the logs show when the user has all the pieces match up with the file creation times on Morgan's hard drive.

    **K.**       Trial in this cause was set for June 11, 2108.  On or about June 11, 2018, Morgan cut off his GPS monitor ankle bracelet and absconded.  Morgan's whereabouts were unknown until the time of his arrest in Las Vegas, Nevada on or about August 13, 2018.  Morgan did not have any contact with United States Probation during that time.

    **L.**       Evansville, Vanderburgh County, Indiana is located within the Southern District of Indiana.

### Part 6:  Other Conditions

    **20.**     **Background Information:**  The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence.  The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

21. **Good Behavior Requirement:** The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case. If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

22. **Compliance with Federal and State Laws:** The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

**Part 7:  Sentencing Guideline Stipulations**

23. **Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The 2016 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

    **A.** Section 2G2.2(a)(2) of the Sentencing Guidelines applies to this case and establishes a base offense level of **22**. Counts 1 and 3 are grouped together for purposes of sentencing pursuant to sections 3D1.2 and 3D1.3 of the Sentencing Guidelines.

    **B.** Pursuant to U.S.S.G. § 2G2.2(b)(2), **2** levels are added because the offense involved a prepubescent minor or a minor under the age of twelve years.

    **C.** Pursuant to U.S.S.G. § 2G2.2(b)(4), **4** levels are added because the material portrays sadistic or masochistic conduct or other depictions of violence or the sexual abuse or exploitation of an infant or toddler.

**D.**  Pursuant to U.S.S.G. § 2G2.2(b)(7)(D), **5** levels are added because the offense involved more than 600 images and videos.  Pursuant to U.S.S.G. § 2G2.2, Application Note 4(B)(ii), each video shall be counted as containing 75 images.

**E.**  Pursuant to U.S.S.G. § 2G2.2(b)(6), **2** levels are added because the offense involved the use of a computer or an interactive computer service for the possession of the material, or for accessing with intent to view the material.

**F.**  Pursuant to U.S.S.G. § 3C1.1, **2** levels are added because the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct or a closely related offense.

**G.  Acceptance of Responsibility:**  To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct.  Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement [and the defendant's agreement to cooperate in and not to contest the forfeiture of the property described above], the Government agrees that the defendant should receive a **two (2)** level reduction *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently.  After the Defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by **one (1)** additional

level.  The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

**H.  Final Offense Level:**  34

### Part 8:  Waiver of Right to Appeal

24.    **Direct Appeal:**  The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.  Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742.  The defendant further agrees that in the event the Court sentences the defendant to a sentence higher or lower than any recommendation of either party, regardless of the defendant's criminal history category or how the sentence is calculated by the Court, then the defendant expressly waives the defendant's right to appeal the sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This blanket waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release and the amount of any fine.

25.    **Later Legal Challenges:**  Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255.  As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this

waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment.  However, if the defendant files such a motion, the Government may oppose the motion on any other grounds.  Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, the Government may claim that this waiver bars such an appeal.  As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

26.     **No Appeal of Supervised Release Term and Conditions**: The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal the length and conditions of the period of supervised release.

### Part 9:  Presentence Investigation Report

27.     The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

28.     The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

### Part 10:  Immigration Consequences

29.     The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to

which the defendant is pleading guilty. The defendant also recognizes that removal will not

occur until service of any sentence imposed in this case has been completed. Removal and other

immigration consequences are the subject of a separate proceeding, however, and the defendant

understands that no one, including the defendant's attorney or the Court, can predict to a

certainty the effect of the conviction in this case on the defendant's immigration status. The

defendant nevertheless affirms that the defendant wants to plead guilty regardless of any

immigration consequences that this plea may entail, even if the consequence is the defendant's

removal from the United States.

### Part 11:  Statement of the Defendant

**30.**     By signing this document, the defendant acknowledges the following:

**a.**     I have received a copy of the Superseding Indictment and have

read and discussed it with my attorney. I believe and feel that I understand every accusation

made against me in this case. I wish the Court to omit and consider as waived by me all readings

of the Superseding Indictment in open Court, and all further proceedings including my

arraignment.

**b.**     I have told my attorney the facts and surrounding circumstances as known

to me concerning the matters mentioned in the Superseding Indictment, and believe and feel that

my attorney is fully informed as to all such matters. My attorney has since informed, counseled

and advised me as to the nature and cause of every accusation against me and as to any possible

defenses I might have in this case.

**c.**     I have read the entire Plea Agreement and discussed it with my attorney.

**d.**     I understand all the terms of the Plea Agreement and those terms correctly

reflect the results of plea negotiations.

      **e.**     Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

      **f.**     I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

      **g.**     I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

      **h.**     I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

      **i.**     I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

      **j.**     My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further

understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

   **k.**  My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

   **l.**  If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Part 12: Certificate of Counsel

  **31.**  By signing this document, the defendant's attorney and counselor certifies as follows:

   **a.**  I have read and fully explained to the defendant all the accusations against the Defendant which are set forth in the Superseding Indictment in this case;

   **b.**  To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

   **c.**  The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

  **d.**  In my opinion, the defendant's waiver of all reading of the Superseding Indictment in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

  **e.**  In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

## Part 13:  Final Provision

**32.     Complete Agreement:**  The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty.  This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

1-30-19
DATE

Kyle M. Sawa
Assistant United States Attorney

1-30-19
DATE

Todd S. Shellenbarger
Chief, Evansville Branch

12/21/18
DATE

Steven T. Morgan
Defendant

12/21/18
DATE

Doug Walton
Counsel for Defendant

23